# Case No. 6,393.

## The HERALD.

[8 Ben. 409.] [1]

District Court, S. D. New York. April, 1876.

### POSSESSION—SALE OF VESSEL BY MASTER.

Where a vessel, in a foreign port, was in such a condition that nothing better could be done for her owner than to sell her, and her master could not within a reasonable time have consulted with the owner, and he called to his aid disinterested persons of skill and experience, who, after survey, advised her sale, the master having no means and no credit and it not being possible to make the necessary repairs at that port, and the master thereupon, acting in honesty and good faith, sold the vessel: *Held*, that the sale must be sustained and that a libel for possession in behalf of her former owner must be dismissed.

This was a libel for possession. The libel alleged, that, in July, 1874, the libellant bought the bark Herald for £1550 in England, overhauled her and fitted her up at an additional expense of £1800, and sent her on a voyage to Colon, Central America, under the command of one Rasmussen, as captain; that she was then chartered by the captain to go to the Musquito coast and load mahogany for England; that, on that voyage, she received certain injuries and returned to Colon on January 14th, 1875; that on the next day a survey was held when the surveyors reported that she was unseaworthy and could not be repaired at Colon, and that, if she could, it would cost more than two-thirds of her value, and advised her condemnation and sale; that she was thereupon sold, on January 28th, for $850; that the survey was false and was procured by Rasmussen; that Rasmussen did not communicate with the owner, although there was telegraphic communication between Colon and London, via New York; that the respondent, Gerhard Wessels, who lived in New York, afterwards bought the vessel for $1,500, though having reason to know that the condemnation and sale had been fraudulently procured, and brought her to New York without making any substantial repairs on her; and that, as soon as the libellant learned of her arrival in New York, he left London and came to New York and filed this libel at once, against the bark and Gerhard Wessels, to recover possession. The respondent denied the allegations of the libel. The son of the respondent, Henry B. Wessels, claimed the vessel as owner, and also denied all allegations of any improper dealing in relation to said vessel, alleging that he first heard of the vessel after the sale at Colon, and bought her from the purchaser at such sale, she being then in an unseaworthy condition and fifty-seven years old; that he put some repairs on her and

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

sent her to Jamaica in ballast and thence with a little cargo to New York, where he had commenced thorough repairs on her when the libel was filed; and that the sale was valid and passed a good title to the purchaser.

Porter, Lowrey & Soren, for libellant.

R. D. Benedict and Henry T. Wing, for claimant and respondent.

BLATCHFORD, District Judge. Within the principles laid down by the supreme court in the cases of Patapsco Ins. Co. v. Southgate, 5 Pet. [30 U. S.] 620; The Sarah Ann, 13 Pet. [38 U. S.] 400; Post v. Jones, 19 How. [60 U. S.] 157; and The Amelie, 6 Wall. [73 U. S.] 18,—I think the libel in this case must be dismissed. The vessel was in such a condition, and the necessity was so urgent. as to justify the sale. There was a necessity for the sale, within the meaning of the commercial law, because nothing better could be done for the owner. The honesty and good faith of the master in making the sale are satisfactorily shown. The master could not, within a reasonable time, have consulted the owner, and he called to his aid disinterested persons of skill and experience, competent to advise him, and who, after a survey of the vessel, advised her sale. He was at a great distance from the owner and had no direct means of communication with him. He had no money and no credit, and the repairs that were necessary could not be made at the place where he was. I see nothing to impeach the good faith of the claimant, or of the respondent who has answered. The libel is dismissed, with costs.

HERAN (BRADSTREET v.). See Case No. 1,792.

END OF CASES IN BOOK 11.